RE: HOUSE BILL NO. 22-13
THIS IS IN RESPONSE TO YOUR LETTER OF SEPTEMBER 11, 1990, REGARDING WHETHER A TRAFFIC STOP WHICH RESULTS IN A CITATION BEING ISSUED CONSTITUTES AN "ARREST" FOR THE PURPOSES OF 28 O.S. 153.2 (1990).
ARREST IS DEFINED IN 22 O.S. 186 (1981), AS "THE TAKING OF A PERSON INTO CUSTODY THAT HE MAY BE HELD TO ANSWER FOR A PUBLIC OFFENSE." THE CASES MAKE IT CLEAR THAT AN UNDERSTANDING ON THE PART OF THE ARRESTEE THAT SUBMISSION IS NECESSARY IS SUFFICIENT TO CONSTITUTE AN ARREST. DEVOOQHT V. STATE, 722 P.2D 70 (OKL.CR.1986). SPECIFICALLY WITH REGARD TO THE TRAFFIC CITATION SITUATION, 22 O.S. 209 (1981), PROVIDES THAT "A LAW ENFORCEMENT OFFICER WHO HAS ARRESTED A PERSON ON A MISDEMEANOR CHARGE OR VIOLATION OF CITY ORDINANCE, WITHOUT A WARRANT, MAY ISSUE A CITATION TO SUCH PERSON TO APPEAR IN COURT. "THUS, THE STATUTE WHICH GIVES LAW ENFORCEMENT OFFICERS THE AUTHORITY TO ISSUE A CITATION IN A TRAFFIC OFFENSE SITUATION CONTEMPLATES THAT AN ARREST OCCURS ON A ROUTINE TRAFFIC STOP.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED THAT AN ARREST FOR A VIOLATION OF STATE LAW OCCURS WHEN A CITATION IS ISSUED FOR A TRAFFIC OFFENSE ALTHOUGH NO INCARCERATION FOLLOWS. IF YOU HAVE AN FURTHER QUESTIONS, PLEASE FEEL FREE TO CALL.
(SHARON K. O'ROKE)